McIlvaine, J.
The bail in an undertaking for a defendant arrested in a civil action, executed under section 157 of the civil code (S. & C. 993), is exonerated in the event that judgment be rendered in favor of the defendant upon a trial on the merits of the cause, although a judgment may be rendered finally against the defendant upon a second trial undei the provisions of the act to relieve district courts (S. & 0, 1155), or upon a new trial after the reversal of such judgment on proceedings in error.
The 157th section reads as follows : “ Bail may be given by the defendant on his arrest, or at any time afterward,, before judgment. It shall be done by causing one or more sufficient bail to execute a written undertaking to the plaintiff, in the presence of the sheriff, to the effect that if judgment shall be rendered in the action against the defendant, he will render himself amenable to the process of the court thereon.”
The plaintiff in error assumes that there is error in this-record, if the term “judgment” in the condition of the--undertaking means “final judgment”, and final judgment means the last judgment on the merits; or (as in this case)the judgment rendered against the defendant after reversal.
These propositions are true, but the conclusion is not. It may be admitted that the bail can be charged only in cases-, wherein the last judgment on the merits is against the defendant; and not where former judgments against him have-been vacated or reversed, with a final judgment in his favor. But it does not follow that the bail can be charged in cases-where the judgment on the first trial is in favor of their principal, and upon the last trial against him. That depends upon the question, whether the bail have or have not been exonerated from the obligation of the undertaking.
Section 168 of the code provides that “the bail will be *571 exonerated .... by Ms (defendant’s) legal discharge from the obligation to render himself amenable to the process-of the court,” etc.
The “obligation” of the defendant here referred to, manifestly cannot mean the obligation incurred by the terms of the undertaMng, for the mason that that obligation rests-alone upon the obligors, or those who undertake; and the-defendant in the action is not required by the statute to execute it. What obligation, then, is it from which the defendant may be legally discharged? We answer: the obligation imposed upon him by the arrest — his obligation to remain in custody or under the power of his bail, as long as-that custody or that power can lawfully be continued. He is under no other obligation from which he can be discharged.
This section is as much a part of the undertaking as if' its terms were incorporated in the writing. The real question, then, in the case is — was the principal, at any time between-the execution of the undertaking and the return of the summons in the action against the bail, legally discharged from their custody or their power to arrest and surrender him.
Had the principal remained in the custody of the sheriff in the jail of the county, until judgment on the first trial had' been rendered in his favor, it cannot be doubted, that, of legal right, he would have been entitled to an immediate discharge. To hold, under this statute, that the defendant in such case could be detained in prison' for thirty days awaiting the pleasure of the plaintiff to put the cause upon the second trial docket, or for three years to commence proceedings in error,, would be an unjustifiable construction of a law in deprivation of personal liberty.
And wherein is the difference between that ease and this ?• By giving the undertaking, the defendant was transferred from the custody of the sheriff to that of Ms bail. Not in fact, but in law. Section 166 of the code provides that the bail may surrender the defendant to the sheriff at any time-before they are finally charged; and section 167 authorizes Ms arrest at any time, for the purpose of surrender. By fair *572 reasoning it would seem to follow, that the bail, after judgment in favor of their principal, can have no legal right to arrest and surrender him to the sheriff, if, eo instanti that he is surrendered to the sheriff, he must, of legal right, be discharged. If the sheriff has no right to hold him, even for an instant, he has no right to accept the surrender, nor would the bail have any right to arrest and surrender him. And if the right to arrest and surrender their principal was given, by the law, to the bail as their security, and afterward is taken away by the act of the law, they should not be bound by an undertaking which was entered into upon the faith of that .security.

Motion overruled.

Scott, O.J., and Welch, White, and Day, JJ., concurred.